**STATE of Missouri, Respondent,**

v.

**Melvin Bernard YOUNG, Appellant.**

**No. 52581.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 2, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 6, 1988.

Application to Transfer Denied May 17, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, L. Timothy Wilson, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals jury convictions for: two counts of first degree robbery, two counts of armed criminal action, and first degree burglary. Defendant was sentenced as a persistent offender to: twenty years for first degree robbery (Count I); ten years for armed criminal action (Count II), with the sentence to run consecutively to Count I; twenty years for first degree robbery (Count III), with the sentence to run concurrently with Counts I and II; ten years for armed criminal action (Count IV), with the sentence to run concurrently with Counts I, II and III; and ten years for first degree burglary (Count V), with the sentence to run consecutively to a sentence that appellant is to receive or has received in St. Louis County, Missouri, which is not subject to this appeal.

At approximately 10:50 p.m. on October 25, 1985, defendant entered the home of one of six victims, without permission, and brandished a sawed-off shotgun. He obtained $150 from one of the victims and $27 from another. Five of the six victims identified defendant as the individual responsible for the crimes. Defendant did not testify, but presented two witnesses to testify in his behalf as part of an alibi and misidentification defense.

Defendant asserts the trial court erred in allowing the prosecutor to ask during voir dire if the potential jurors would vote to convict if they were convinced beyond a reasonable doubt that defendant was guilty. Because this allegation was not included in defendant's Motion for New Trial, he seeks review for plain error. Rule 29.11(d); Rule 30.20.

During voir dire the prosecutor stated: Depending on the type of case that you're called to hear, you're presented with different types of evidence. And the type of evidence you're going to hear in this case is what is known as testimo-nial evidence, oral testimony.... Can everyone promise that you will—if the oral testimony in the case convinces you beyond a reasonable doubt that Mr. Young is guilty, if you will find him guilty, that you will vote to convict him?

Defendant's lawyer objected, arguing the prosecutor was attempting to commit the jury to a verdict in advance of hearing any testimony in the case. See State v. Kiner, 441 S.W.2d 720, 723 [3] (Mo.1969); State v. Katz Drug Company, 352 S.W.2d 678, 684 [4] (Mo. banc 1961).

"Plain error is couched in terms of manifest injustice. If the evidence is sufficient, then there is no manifest injustice or miscarriage of justice." State v. Antone, 724 S.W.2d 267, 272 [4] (Mo.App.1986).

The prosecutor came very close to committing the jury to a verdict in advance. However, we find no plain error. See State v. Turnbough, 498 S.W.2d 567, 570 [2] (Mo.1973), rev'd on other grounds, State v. Brown, 547 S.W.2d 797, 805 (Mo. banc 1977). The evidence of guilt was strong. The prosecutor sought to question the prospective jurors with respect to their ability to accept testimonial evidence as a sole basis for conviction, if they were convinced beyond a reasonable doubt of defendants's guilt. Under the facts of the case, while the prosecutor was flirting with disaster, his questioning on voir dire fell short of plain error.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.